[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1040

 PATRICK J. HIGGINS,

 Plaintiff, Appellant,

 v.

 STATE OF RHODE ISLAND,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 Lynch, Circuit Judge.

 Patrick J. Higgins on brief pro se.

October 8, 1998

 Per Curiam. Patrick J. Higgins has appealed the
district court's sua sponte dismissal of his complaint for lack
of subject matter jurisdiction. We agree with the district
court that 28 U.S.C. 2254 was wholly inapplicable as a basis
for jurisdiction. Section 2254 pertains to a prisoner in
custody pursuant to a judgment of conviction of a state court
and Higgins has not yet been convicted of the pending Rhode
Island charges. See 28 U.S.C. 2254 ("[T]he district court
shall entertain an application for a writ of habeas corpus in
behalf of a person in custody pursuant to the judgment of a
State court only on the ground that he is in custody in
violation of the Constitution or laws or treaties of the United
States."). (Emphasis added).
 We disagree with the district court, however, to the
extent that it concluded that Higgins' complaint was not
properly construed as an application for a writ of habeas
corpus. A prisoner may properly bring a pretrial habeas
petition under 28 U.S.C. 2241, which empowers a district
court to issue a habeas writ before a judgment is rendered in
a criminal proceeding. Furthermore, if Rhode Island lodged a
detainer against Higgins (as he appears to have alleged),
Higgins is "in custody" for habeas purposes pursuant to that
Rhode Island detainer. See Braden v. 30th Judicial Circuit
Court of Kentucky, 410 U.S. 484, 488-89 (1973) (holding that a
prisoner incarcerated in Alabama and serving an Alabama
statsentence and who was under indictment in Kentucky was "in
 2
custody" pursuant to a Kentucky detainer and may file a habeas
action seeking to enforce Kentucky's obligation to bring him
promptly to trial).
 Nonetheless, "[w]e will affirm a correct result
reached by the court below on any independently sufficient
ground made manifest by the record." Hodgens v. General
Dynamics Corp., 144 F.3d 151, 173 (1st Cir. 1998) (internal
quotation marks and citation omitted). A 2241 habeas
petition must exhaust his available state court remedies. SeeBraden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at
489-92. Higgins contends that he filed a petition for a writ
of mandamus in the Rhode Island Supreme Court invoking his
right to a speedy trial. He did not provide a copy of the
substance of that petition with his federal court filing. 
Assuming that this is the only demand for speedy trial Higgins
made in the state court (and he does not indicate otherwise),
it is doubtful that this submission satisfies Higgins'
obligation to exhaust all available state remedies as a prelude
to his federal habeas action. The applicable Rhode Island
rules suggest that a speedy trial demand ought to be presented
in the first instance in the state trial court. See Sup. Ct.
Rules, Art. I, Rule 13(a) (reciting that a petition for an
extraordinary writ shall include, inter alia, "a statement
setting forth with particularity why the relief sought is not
available in any other court, or cannot be had through other
appellate processes"). Moreover, although Higgins did provide
a copy of the state Supreme Court's order denying his mandamus
petition, it was a summary denial, and the applicable rules
also provide, in relevant part, that "[a] denial of a petition,
without more, is not an adjudication on the merits, and such
action is to be taken as being without prejudice to a further
application to this court or any court for the relief sought." 
Sup. Ct. Rules, Art. I, Rule 13(c). It is Higgins' burden to
establish that he has exhausted all available state remedies
and, to the extent that the record is unclear on this point,
that failing befalls Higgins. See Nadworny v. Fair, 872 F.2d
1093, 1098 (1st Cir. 1989).
 Two additional considerations inform our
determination that affirmance is fair and appropriate. One,
the Rhode Island Supreme Court's order denying mandamus related
that Higgins is represented by counsel "in Superior Court
proceedings related to the instant mandamus petition." If
Higgins' allegation that his right to speedy trial is being
violated has any merit, it is reasonable to assume that his
current counsel can effectively address that issue in the state
courts. Second, Higgins has recently notified this court of a
change of address. He provided a current address of a post
office box in Swansea, Massachusetts, as well as a
Massachusetts telephone number. It appears therefore that, to
the extent that Higgins' complaint was based on Mississippi's
denial of parole due to the pending Rhode Island charges, that
particular concern no longer pertains.
 For the foregoing reasons, the order of the district
court dismissing the complaint is affirmed.